# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Cameron Hanes,<br><br>   Plaintiff,<br><br>v.<br><br>Sherburne County Jail; MenD, Inc.; Joel Brott, Sheriff; Thomas Zerwas, Captain; Pat Carr, Commander; Deanna McMasters, Nurse; Diana Van DerBeek, Director of Nursing; and John Doe 1 and 2,<br><br>   Defendants. | Case No. 23-cv-1191 (SRN/LIB)<br><br>**ORDER** |

Joshua Cameron Hanes, Reg. No. 45224-509, FMC Rochester, P.O. Box No. 4000, Rochester, MN 55903, Pro Se.

Ashley Marie Ramstad and Jason M. Hiveley, Iverson Reuvers, 9321 Ensign Avenue S., Bloomington, MN 55438, for Defendants Sherburne County Jail, Joel Brott, Thomas Zerwas, and Pat Carr.

Suzanne L. Jones, Gordon Rees Scully Mansukhani, LLP, 80 S. 8th St., Ste 3850, Minneapolis, MN 55402, for Defendants Deanna McMasters and Diana Van DerBeek.

SUSAN RICHARD NELSON, United States District Judge

   This matter is before the Court on Plaintiff Joshua Cameron Hanes's Motion to Alter or Amend [Doc. No. 94] the Court's February 29, 2024 Order [Doc. No. 91] dismissing the complaint with prejudice. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court denies Mr. Hanes's motion.

1

Mr. Hanes moves the Court to reconsider its ruling pursuant to Federal Rule of Civil Procedure 59(e), which requires a party to file any motion to alter or amend a judgment within 28 days after the entry of judgment. The Court finds that it is proper to apply the standards of Rule 59(e) to Mr. Hanes's motion, and further finds that the motion is timely under the Rule.[1] *See Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) (Rule 59(e) applies to final judgments, while Rule 60(b) applies to non-final orders); *Auto Services Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008) (holding that a "motion for reconsideration" may be construed either as a Rule 59(e) motion or as a Rule 60(b) motion for relief from judgment, and finding it appropriate to consider a motion under Rule 59(e) when that is the rule identified by the movant).

The Court next notes that under this District's local rules, a party is not permitted to file a motion to reconsider without first requesting and obtaining the Court's permission based on a showing of "compelling circumstances." D. Minn. L.R. 7.1(j); *See United States v. Gbor*, No. 14-cr-344, 2022 WL 17976296, at *1 (D. Minn. Dec. 28, 2022). Mr. Hanes did not request such permission of the Court. In the interests of justice, however, the Court liberally construes his pro se motion as a request for permission to file a motion to reconsider, and considers it accordingly. *See Gbor*, 2022 WL 17976296, at *1; *also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (documents filed pro se are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers).

---

[1] The Clerk of Court entered judgment in this case on March 1, 2024 [Doc. No. 92]. Mr. Hanes's motion was filed on March 14, 2024.

Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Chapman v Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1110 (8th Cir. 2017). Motions under Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to judgment." *Id*. at 1112. To prevail on a Rule 59(e) motion, a party must direct the district court to either a mistake in the judgment or to newly discovered evidence that could not have been discovered prior to the court entering its decision. *See Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006).[2] "District courts enjoy broad discretion to alter or amend judgments under Rule 59(e)." *Chapman*, 862 F.3d at 1110.

Motions for reconsideration, whether under Rule 59(e) or Rule 60(b), "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). A motion for reconsideration is *not* a vehicle for "simple reargument on the merits," even where the movant argues the merits "somewhat more fully." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Mr. Hanes argues in his motion that he properly alleged in his complaint that a prison official had actual knowledge of his serious medical need, and that the prison official

---

[2]  A Rule 60(b) motion based on new evidence also requires a movant to demonstrate that the evidence was newly discovered after the court's order, despite the movant's diligent efforts to obtain evidence prior to the entry of the order. *Id.*

3

failed to act reasonably to abate the risk of further harm. He does not present any newly discovered evidence to support his allegations, nor does he provide caselaw suggesting that the Court made a manifest error of law. The Court considered the issues raised in its prior order, and Mr. Hanes's motion simply seeks to reargue the point more fully. Having already considered the argument, the Court denies Mr. Hanes's motion.

The Court further notes that, while it denies Mr. Hanes's motion under the standards of Rule 59(e), it would reach the same result for the same reason were it to apply the standards of Rule 60(b). *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing cases and noting that the factors one must show to prevail under Rule 60 are "the same under Rule 59(e)").

Accordingly, based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Joshua Cameron Hanes's Motion to Alter or Amend Judgment [Doc. No. 94] is **DENIED**.

Dated: March 19, 2024                              /s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge